IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YER USA, INC., et al.,

    Plaintiffs,

      v.

YASHEKA MAGLOIRE,
Acting Center Director, National
Prevailing Wage Center, et al.,

    Defendants.

CIVIL ACTION FILE
NO  1:21-CV-4001-TWT

**OPINION AND ORDER**

This is a mandamus action. It is before the Court on the Plaintiffs'

Motion for Costs, Fees, and Other Expenses Under the Equal Access to Justice

Act [Doc. 24]. For the reasons set forth below, the Plaintiffs' Motion for Costs,

Fees, and Other Expenses Under the Equal Access to Justice Act [Doc. 24] is

DENIED.

**I.      Background**

In September 2021, the Plaintiffs filed a complaint seeking to compel

the Defendants to provide an immediate decision on Plaintiff Camilla Daniels's

then-pending ETA-9141, Application for a Prevailing Wage Determination

("PWD"), to pave the way for her son to acquire lawful permanent resident

status as a derivative beneficiary prior to his 21st birthday. (Compl. ¶¶ 2-4).

The Plaintiffs then moved for an emergency preliminary injunction [Doc. 3]

and this Court held a hearing on that motion in November 2021 [Doc. 9]. The

Court granted the Plaintiffs' motion for injunctive relief, ordering the

Defendants to issue the Plaintiffs requested PWDs within 14 days. (Doc. 12 at 1-2). In so ruling, the Court noted the Defendants' concern with advancing one PWD application to the front of the line despite its "first-in-first-out" ("FIFO") process and also considered the Plaintiffs' concern that there was no extraordinary circumstances exception to the FIFO process, which the Court found to be unfair, arbitrary, and unreasonable. (*Id.* at 1). Additionally, the Court concluded that issuing a PWD is purely a ministerial act. (*Id.* at 2).

After the PWDs were issued, the Defendants moved to dismiss this action, prompting the Plaintiffs to move for leave to file an amended complaint. (Docs. 13, 15). The Court denied the Plaintiffs' motion for leave and granted the Defendants' motion to dismiss. (Docs. 21, 22). In granting the motion to dismiss, the Court noted that the Defendants' issuance of the two PWDS "comprise[d] all the relief sought in [the] Plaintiffs' complaint," making the complaint moot. (Doc. 22 at 2). In February 2022, the Plaintiffs filed the Motion for Costs, Fees, and Other Expenses under the Equal Access to Justice Act [Doc. 24] that is now pending before the Court.

In their Motion, the Plaintiffs contend that they are entitled to attorney's fees and costs under the Equal Access to Justice Act ("EAJA") because the Court granted their requested injunctive relief, making them prevailing parties. (Pls.' Mot. for Attys Fees (Doc. 24) at 1-2). They also argue that the Defendants' position was not substantially justified and that there are no special circumstances that would render their requested fee award of

$32,480 unjust. (*Id.* at 2); *see also* 28 U.S.C. § 2412(d)(1)(A); *Comm'r, INS v. Jean*, 496 U.S. 154, 160 (1990). The Defendants oppose the Motion. *(See generally* Defs.' Resp. to Pls.' Mot. for Attys Fees (Doc. 25)). [1]

## II.   Legal Standards

The EAJA provides that courts shall:

> award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2414(d)(1)(A). In the context of section 2414(d)(1)(A, a "prevailing party" is "one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship and Immigr. Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006).

"'Substantially justified' means 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person. That is no different from . . . [having a] 'reasonable basis both in law and fact.'" *Jean*, 496 U.S. at 158 n.6. "A position that is 'substantially justified' is one that is justified to a reasonable degree that could satisfy a reasonable person or that has a

---

[1] The Court has also considered the Defendants' Notice of Supplemental Authority [Doc. 28] and the Plaintiffs' Response to Defendants' Notice of Supplemental Authority [Doc. 29].

reasonable basis in both law and fact." *Wilkes v. United States*, 289 F.3d 684, 688 (11th Cir. 2002). In assessing the reasonableness of the government's position, courts are to consider: (1) the stage at which the litigation was resolved; (2) views expressed by other courts on the merits; (3) the legal merits of the government's position; (4) the clarity of the governing law; (5) the foreseeable length and complexity of the litigation; and (6) the consistency of the government's position. *United States v. Pease*, 137 F. App'x 220, 225 (11th Cir. 2005).

### III.   Discussion

The Court concludes that, although the Plaintiffs were prevailing parties in this matter, they are not entitled to an award of fees or costs because the Defendants' position was substantially justified. *See* 28 U.S.C. § 2414(d)(1)(A). As both parties note, the Plaintiffs asserted a novel claim for which there was no significant precedent, and the Defendants were therefore justified in defending the FIFO policy by arguing that the Plaintiffs should not be allowed to advance to the head of the line. *See Pease*, 137 F. App'x at 225 (guiding district courts to consider the clarity of the governing law, among other factors). And contrary to the Plaintiffs' argument, the Court agrees with the Defendants that their position was not unreasonable solely on account of their loss at the preliminary injunction stage.

Additionally, taking into consideration how recently the Plaintiffs had filed their PWD application prior to seeking injunctive relief from this Court,

the Defendants' position had a reasonable basis in both law and fact due to the many PWD applications pending ahead of the Plaintiffs'. *See Wilkes*, 289 F.3d at 688. The Court was concerned about the precedent that allowing the Plaintiffs' claim to proceed would set but ruled in favor of the Plaintiffs because of the ministerial nature of the relief sought—another factor favoring a finding that the Defendants' position was substantially justified. *See Pease*, 137 F. App'x at 225 (providing that the reasonableness inquiry considers the foreseeable length and complexity of the litigation). The Plaintiffs' Motion for Costs and Attorney Fees Under the Equal Access to Justice Act [Doc. 24] is therefore DENIED.

SO ORDERED, this ___27th___ day of June, 2022.


_____
THOMAS W. THRASH, JR.
United States District Judge